DONALD GALLICK - OHIO BAR REGISTRATION 0073421
190 North Union Street #201
Akron, Ohio 44304
330-631-6892
dongallick@sbcglobal.net
Attorney for Plaintiff

FILED
2009 OCT 28  PM 1: 24
CLERK U.S. ...
NORTHERN DISTRICT OF O...
AKRON

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEBORAH GRISSINGER,<br>3340 Brookside Lane<br>Cuyahoga Falls, Ohio 44223,<br><br>    Plaintiff,<br><br>v.<br><br>SUMMA HEALTH SYSTEMS,<br>525 East Market Street<br>Akron, Ohio 44305<br><br>    Defendant. | CASE NO. 5:09 CV 2523<br>JUDGE  JUDGE ADAMS<br><br>COMPLAINT BASED ON<br>VIOLATIONS OF ADEA,<br>29 U.S.C. 621, ET SEQ. AND<br>OHIO REVISED CODE.<br><br>MAG. JUDGE PEARSON<br><br>JURY DEMAND ENDORSED<br>HEREIN |

## PRELIMINARY STATEMENT

1. Plaintiff Deborah Grissinger is resident of Summit County, Ohio. Plaintiff has been, and at the time of this filing remains, an employee of Defendant.

2. Defendant is a legal entity conducting business in Summit County, Ohio in the field of health care, hospital operation, and medical services.

3. Plaintiff date of birth is June 26, 1951 and throughout the instant controversy, her age has exceeded forty years.

4. Defendant hired Plaintiff to work in its Radiology Department on or around September 29, 2005, Plaintiff's job title is currently "Imaging Associate."

5. Throughout Plaintiff's employment as an Imaging Associate, she has applied for multiple promotions, yet Defendant has never promoted Plaintiff despite her qualifications for the promotions for which she applied.

2

6. Prior to February 29, 2008, Plaintiff caused Defendant to be aware that she believed she was being denied promotion due to her age.

7. On at least ten different occasions prior to February 29, 2008 and at least five other occasions after February 29, 2008, Defendant denied promotions to Plaintiff. Instead of promoting Plaintiff, Defendant promoted less qualified employees with less seniority, but who were younger than 40 years of age at the time of the promotions.

8. By denying Plaintiff promotions she applied for and was qualified for, Defendant caused Plaintiff to suffer from an adverse employment action.

9. Plaintiff filed an administrative complaint alleging age discrimination. On July 31, 2009, the Equal Employment Opportunity Commission (EEOC), mailed a "right to sue" letter, which Plaintiff received after July 31, 2009.

10. Plaintiff now files this federal lawsuit within 90 days of receipt of the right to sue letter alleging violations of federal law and parallel violations of Ohio law.

## JURISDICTION

11. Plaintiff realleges lines 1-10 as if fully rewritten herein.

12. Venue is proper in this Court as both Plaintiff and Defendant are located and conduct business in Summit County, Ohio.

13. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331, and the Age Discrimination in Employment Act (ADEA), 29 U.S.C. 621, et seq.

14. This Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the Ohio statutory and common law claims.

15. This matter is being filed within 90 days of receipt of a "right to sue" letter from the EEOC. (Attachment A)

## COUNT I - VIOLATION OF THE ADEA 29 U.S.C. 621, ET SEQ.

16. Plaintiff realleges lines 1-16 as if fully rewritten herein.

17. Plaintiff, at all times during her employment with Defendant, has been in excess of forty years of age.

18. Plaintiff asserts that on approximately 15 different occasions during her employment, she applied for promotions which she was qualified for, but that Defendant instead promoted less qualified employees under forty years of age and with less experience than Plaintiff.

19. Defendant's continued refusal to promote Plaintiff to positions she is qualified for, in order to promote other employees under 40 years of age, constitutes an "adverse employment action." Plaintiff made it known that she believed she was suffering from age discrimination, subsequently, Defendant implemented retaliatory and unwarranted disciplinary actions again Plaintiff, including an inaccurate written disciplinary action on or around August 29, 2008. Defendant's conduct constitutes a prima facie case for violations of the ADEA.

## COUNT II - VIOLATION OF THE ADEA 29 U.S.C. 621, ET SEQ., DISPARATE IMPACT

20. Plaintiff realleges lines 1-19 as if fully rewritten herein.

21. Defendant's multiple promotions of employees under the age of 40 years of age adversely affected Plaintiff through the disparate outcomes caused by Defendant's employment decisions and promotions.

22. A review of Defendant's promotion decisions of employees who are similarly-situated as Plaintiff after September 29, 2005 will demonstrate a disparate impact between employees under 40 years of age and employees over 40 years of age.

## COUNT III - AGE-BASED EMPLOYMENT DISCRIMINATION IN VIOLATION OF OHIO REVISED CODE 4112.02(A), 4112.02(N), 4112.14,

23. Plaintiff realleges lines 1-22 as if fully rewritten herein.

24. Defendant engaged in age-based employment discrimination and also caused a disparate impact against Plaintiff as an over-40 year old employee in Ohio, as described by lines 1-22 of this complaint.

25. This age based discrimination in promotions and disciplinary decisions constituted adverse employment action in violation of Ohio Revised Code 4112.02(A), 4112.02(N), 4112.14.

### COUNT IV - RETALIATION IN VIOLATION OF OHIO REVISED CODE 4112.02, ET. SEQ.

26. Plaintiff realleges lines 1-25 as in fully rewritten herein.

27. Ohio law prohibits any discrimination or retaliatory action against an employee who "opposes" employment discrimination in any manner, and such opposition is a protected activity. See *Hughes v. Miller*, 2009-Ohio-963, *Carlisle v. Bennett Ent.* (N.D. 1997), No. 3:96 CV 7447, 1997 U.S. Dist. LEXIS 18752.

28. Defendant's continued denial of promotions to Plaintiff, after she made it known that she believed she was suffering from age discrimination constitutes a violation of Ohio Revised Code 4112.02, et seq. Plaintiff opposed an unlawful practice of employment discrimination, and Defendant took additional adverse actions against her after she opposed the practice.

29. Defendant also violated Ohio Revised Code 4112.02, et seq., by intentionally placing a false and unwarranted written disciplinary statement against her on or around February 29, 2008, which constitutes a false and malicious act.

**WHEREFORE**, Plaintiff moves this Court for the following remedies:

1) Compensatory damages for all lost wages, loss of benefits, and loss of opportunity due to the denial of promotion.

2) Restitution of all costs, fees, and expenses causally connected to the facts, events described in this complaint, and caused by this litigation.

3) All remedies authorized by Ohio Revised Code 4112.99.

4) Punitive damages as authorized by statute and by the common law for the false and malicious acts of retaliatory discipline against Plaintiff for the protected activity of opposing discriminatory employment decisions.

5

5) Pre-judgment and post-judgment interest at the legal rate where authorized by law.

6) Reasonable attorney fees for Defendant's intentional and malicious retaliation.

6) All other remedies authorized by law and required to render a just result.

DATED this twenty-eighth day of October, 2009.

Respectfully submitted,

_____
DONALD GALLICK (OH 0073421)
ATTORNEY FOR PLAINTIFF
190 North Union Street #201
Akron, Ohio 44304
330-631-6892
dongallick@sbcglobal.net

## JURY DEMAND

Plaintiff demands a trial by jury of all issues of fact in accordance with Federal Rule of Civil Procedure 38.

_____
DONALD GALLICK (OH 0073421)

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of this complaint and summons was sent by U.S. certified mail to Summa Health Systems at 525 East Market Street, Akron, Ohio 44305 on this twenty-eight day of October, 2009

_____
DONALD GALLICK (OH 0073421)
ATTORNEY FOR PLAINTIFF